LAEL D. ANDARA (SBN 215416)
MARIE E. SOBIESKI (SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:      (650) 364-8200
Facsimile:       (650) 780-1701
Email:             lael.andara@rmkb.com
                      marie.sobieski@rmkb.com

Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALIA, LLC, a California limited liability company, and HOVERBOARD TECHNOLOGIES CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATMONT REVOCABLE TRUST, a California trust, and PATMONT MOTOR WERKS, INC., a California corporation, doing business as GO-PED,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK AND INVALIDITY OF TRADEMARK;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Equalia, LLC, a California limited liability company, and Hoverboard Technologies Corporation, a California corporation, as and for their complaint against Defendants Patmont Revocable Trust and Patmont Motor Werks, Inc., allege as follows:

## I.<br>INTRODUCTION

1.  This is an action seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 with respect to Equalia, LLC and Hoverboard Technologies Corporation's use of the generic term "hoverboard" and the Patmont Revocable Trust's assertions to the contrary and request for forfeiture of the www.hoverboard.com domain in its cease and desist letter dated September 25,

2015, attached hereto as Exhibit A.

## II.
## PARTIES

2. Equalia, LLC is a California limited liability company in the automaton, electric vehicle, and control system consumer marketplace. Equalia, LLC's principal place of business is located at 380 Logue Avenue, Mountain View, California 94943.

3. Hoverboard Technologies Corporation is a California corporation in the business of developing, marketing, and selling personal transportation vehicles. Hoverboard Technologies Company's principal place of business is located at 11230 Bubb Road, Cupertino, CA 95014.

4. Hereinafter, Equalia, LLC and Hoverboard Technologies Corporation shall be referred to collectively as "Equalia" and all such references shall include Equalia, LLC and Hoverboard Technologies Corporation.

5. Upon information and belief, the Patmont Revocable Trust is a trust legally organized under the laws of California and having an address at 8711 Paradise Valley Boulevard, Lucerne, California 95458.

6. Upon information and belief, the Patmont Revocable Trust is the owner of the United States trademark for "Hoverboard" bearing the serial number 77683653, registered in the Principal Register under International Class 012, and described as an "[e]lectrically powered two wheeled scooter for terrestrial human transportation."

7. Upon information and belief, the Patmont Revocable Trust conducts business under the name Patmont Revocable Trust, Patmont Family Trust 2000, and the Patmont Family Trust.

8. Upon information and belief, Patmont Motor Werks, Inc. is a California corporation doing business in California as Go-Ped and having an address at P.O. Box 97, Pleasanton, California 94550.

9. The nature of the relationship between Patmont and Patmont Motor Werks, Inc. is unknown. Hereinafter, the Patmont Revocable Trust and Patmont Motor Werks, Inc. shall be referred to collectively as "Patmont" and all such references shall include the Patmont Revocable

1  Trust, the Patmont Family Trust, the Patmont Family Trust 2000, Patmont Motor Werks, Inc., and Go-Ped.

10. Upon information and belief, Patmont markets a product under the name "Go-Ped ESR 750 Hoverboard" which consists of a motorized, two-wheeled electric scooter with handlebar.

11. Upon information and belief, consumers do not associate the term "hoverboard" with products coming from Patmont.

## III.
## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter as it arises under Federal law concerning violations of the Lanham Act, 15 U.S.C. §§ 1125, *et al.*, and as a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202.

13. This Court has personal jurisdiction over Patmont because, upon information and belief, Patmont sells products to customers located in California in this District, and through its counsel sent the cease and desist letter to Equalia, which is located in this District.

14. Venue is proper in this District under 28 U.S.C. § 1391.

15. This action for declaratory judgment is timely and proper.

16. An actual case and controversy exists between the parties. Patmont, by and through its cease and desist letter, has threatened litigation against Equalia for trademark infringement. The accusations in the cease and desist letter threaten injury to Equalia. As a result, a declaratory judgment is necessary to validate Equalia's continued use of the generic term "hoverboard" and its ownership and use of the domain www.hoverboard.com.

## IV.
## FACTUAL BACKGROUND

17. A generic term is a word, often found in the dictionary, which identifies products and/or services that are not specific to any particular source. *See* Trademark Manual of Examining Procedure 1209.01. A mark that is generic for goods or services is not registerable on either the Principal or the Supplemental Register under any circumstances. *Ibid.*

18. The term "hoverboard" is generic and descriptive, as it identifies a general class of

1  goods. The term "hoverboard" has general acceptance as indicating a powered one-wheeled, two-
2  wheeled, or wheel-less single-rider transportation device.

3   19. The first mainstream use of the term "hoverboard" is believed to be the 1989
4  movie *Back to the Future II*, in which protagonist Marty McFly rides a wheel-less hovering board
5  to escape gang members in the future year 2015. Mr. McFly commandeers the board from a
6  young girl, stating: "Hey, kid, I need your… hoverboard?" and he uses it to evade capture by the
7  movie's antagonists. As he goes by on the board, the character Whitey yells: "He's got a
8  hoverboard!" An image taken from the film depicts Mr. McFly riding the hoverboard over water:



17   20. In September of 2015, the Oxford English Dictionary added the word
18  "hoverboard" to its official lexicon with the description: "A board, resembling a skateboard
19  without wheels, which hovers above the ground and may be ridden like a skateboard." It lists the
20  1988 *Back to the Future II* script, authored by B. Gale, as the first use of the term. It also lists
21  subsequent uses, including a November 1, 1993 use from the *St. Louis Post-Dispatch*: "In the
22  school gym, each space traveler got to scoot around on a hoverboard made by students at
23  Southern Illinois University at Edwardsville to ride on a cushion of air." Attached hereto as
24  Exhibit B is a true and correct copy of the Oxford English Dictionary entry available online for
25  the word "hoverboard" as visited on October 6, 2015.

26   21. The crowdsourced encyclopedia Wikipedia includes an article entitled
27  "Hoverboard" which discusses origins of the term "hoverboard" as well as numerous references to
28  "hoverboards" in popular culture, television, and the media. Attached hereto as Exhibit C is a true

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1 and correct copy of the Wikipedia article as retrieved on September 30, 2015.

2  22. News organizations commonly refer to "hoverboards" in describing two-, one-, or wheel-less single-rider transportation device. For example, an August 27, 2015, BuzzFeed News article dated August 27, 2015 is entitled, "Everything You Need To Know About The Hoverboard Craze" and refers generally to these types of vehicles. A true and correct copy of the article retrieved on October 1, 2015 is attached hereto as Exhibit D.

 23. Companies also commonly refer to their products generically as "hoverboards." Attached hereto as Exhibit E is a true and correct copy of an article from Wired News dated August 4, 2015 and retrieved on September 30, 2015, entitled, "Here's That Lexus Hoverboard Finally In Action." Exhibit F is a true and correct copy of an article from GlobalNews/The Canadian Press dated September 29, 2015 and retrieved on October 1, 2015, entitled "Unboard hoverboard market engulfed in patent war".

 24. Patmont applied for the mark "Hoverboard" on March 9, 2009. The application was filed under a 1(a) basis with use of the mark "at least as early as 05/10/1999." The mark "Hoverboard" was to be used in connection with a two-wheeled scooter product, the "Go-Ped ESR 750-H Hoverboard".

 25. The Go-Ped ESR 750-H Hoverboard has two wheels and a handlebar, and is depicted below as taken from http://goped.com/esr750-hoverboard/ on October 6, 2015:



1  26. No Office Action was issued on the "Hoverboard" trademark application and the trademark issued in the Principal Register on September 22, 2009.

27. The Go-Ped ESR-H Hoverboard is available online from GoPed.com for $1,529.99.

28. Equalia is in the process of launching a hoverboard product which consists of a board with one centered electrically-powered wheel for locomotion for a single rider. This hoverboard is available through the crowdfunding site Kickstarter for approximately one month, lasting from September 17, 2015 to October 21, 2015. The Kickstarter page is located at https://www.kickstarter.com/projects/552747221/hoverboard-the-next-evolution-in-personal-electric/.

29. The entry-level pricing of this hoverboard is between $3,775 and $3,995, depending on how early the purchaser funded, and is anticipated to retail for $4,375 when made publically available for sale in 2017.

30. The hoverboard Equalia has offered for sale is depicted below, as taken from https://www.kickstarter.com/projects/552747221/hoverboard-the-next-evolution-in-personal-electric/ on October 6, 2015:



31. Equalia purchased the www.hoverboard.com domain name on or around February 19, 2014, at which time it began developing the website for use with its upcoming hoverboard product and in interstate commerce. The www.hoverboard.com domain is currently a launch page introducing Equalia's hoverboard product and linking to the Kickstarter crowdfunding site.

32. In addition to its generic and descriptive nature, the term "hoverboard" is not associated with Patmont. This is evidenced by searches performed online, which do not yield

1 results for Patmont's product, but do provide pages of products described generally as "hoverboards." See attached Exhibit G, which provides a true and correct copy of the first five pages of a Google search for the term "hoverboard" and does not yield any links or reference to the Patmont product performed on October 1, 2015.

33. On December 12, 2012, Patmont Motor Werks, Inc. filed for Chapter 11 bankruptcy in the Nevada Bankruptcy Court, Case No. 12-52799.

34. On August 26, 2015, an assignment was filed transferring ownership of the "Hoverboard" mark from Patmont Motor Werks, Inc. to the Patmont Revocable Trust.

35. On September 10, 2015, Patmont Motor Werks, Inc. filed a Combined Declaration of Use and Incontestability under Sections 8 and 15 with the United States Patent and Trademark Office in connection with the "Hoverboard" mark. While Patmont Motor Werks, Inc. was listed as the owner, the Patmont Revocable Trust was listed as the proposed owner of the trademark.

36. On September 25, 2015, Patmont, through its counsel, forwarded to Equalia a written notice of infringement which asserted that Equalia's use of the name "hoverboard" was a violation of Patmont's "Hoverboard" mark. It demanded Equalia cease and desist use of the name and surrender of the www.hoverboard.com domain by October 9, 2015 at 5:00 p.m.

37. Equalia's use of the term "hoverboard" to describe its product does not violate the Lanham Act with respect to Patmont's trademark as the term is generally descriptive of a class of goods generically described as "hoverboards."

38. Equalia's use of the term "hoverboard" to describe its product constitutes fair use of a generic and descriptive term.

## V.
## TRADEMARK INFRINGMENT

39. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs.

40. Defendants have asserted, and Plaintiffs denied, that Plaintiffs' use of the generic name "hoverboard" for its product violates the Lanham Act with respect to Defendants or any of Defendants' trademarks and/or products.

41. Defendants' assertions create a reasonable apprehension by Plaintiffs that Defendants will file a lawsuit against Plaintiffs asserting claims for trademark infringement under 15 U.S.C. §§ 1114 and/or 1125.

42. The cease and desist letter prepared by or on behalf of Defendants and forwarded to Plaintiffs create an actual controversy regarding the right of Plaintiffs to use the generic name "hoverboard" in connection with its single-wheeled electric transportation product.

43. Defendants' assertion of trademark infringement adversely affects Plaintiffs and will continue to do so until this Court makes a determination of Plaintiffs' absolute right to continue to use the generic term "hoverboard" in connection with its product.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement)**

44. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs.

45. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"), and 28 USC §§ 2201 and 2202 (the "Declaratory Judgment Act"). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the mark in the sales and marketing Plaintiffs' product, as well as the use of the mark on Plaintiffs' product, Plaintiffs seek relief from this Court.

46. Plaintiffs request declaratory judgment against Defendants that Plaintiffs' past use and continued use of the term "hoverboard" is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the parties' respective products, services, and/or businesses under the Trademark Act.

47. Plaintiffs further seek declaratory judgment that its past use and continued use of the term "hoverboard" does not jeopardize the goodwill, if any, symbolized by Defendants' registered trademark, or cause any other injury to Defendants under the Trademark Act.

///

///

**Second CLAIM FOR RELIEF**

**(Invalidity and Unenforceability of Trademark)**

48. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs.

49. This is a declaratory judgment action under the Trademark Act and the Declaratory Relief Act. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the mark in the sales and marketing Plaintiffs' product, as well as the use of the mark on Plaintiffs' product, Plaintiffs seek relief from this Court.

50. Plaintiffs request an order declaring that the alleged trademark asserted by Defendants for the mark "hoverboard" are invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

    (a) an absence of sufficient creativity and originality to be entitled to trademark registration or protection;

    (b) failure to distinguish goods and/or services from those manufactured or sold by others; and

    (c) failure to indicate the source of goods sought to be identified.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition)**

51. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs.

52. This is a declaratory judgment action under the Trademark Act and the Declaratory Relief Act. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the mark in the sales and marketing Plaintiffs' product, as well as the use of the mark on Plaintiffs' product, Plaintiffs seek relief from this Court.

53. Plaintiffs seek an order that Defendants' use of the generic term "hoverboard" creates a false or misleading representation of fact in commerce as to the broad categories of

1  goods which are sold, marketed, or generally referred to under the generic term "hoverboard",
2  which is likely to cause confusion or mistake, or to deceive others as to the affiliation, connection,
3  or association as to the goods, services which use the term "hoverboard," to which Defendants
4  have improperly sought trademark protection.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation request that this Court enter a declaratory judgment against Defendants Patmont Revocable Trust and Patmont Motor Werks, Inc. as follows:

1. That the Court enter an order declaring Defendants Patmont Revocable Trust and Patmont Motor Werks, Inc. alleged trademark lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

2. That the Court enter an order declaring that Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation have not infringed any valid, distinctive, and enforceable trademark rights owned by Defendants Patmont Revocable Trust and Patmont Motor Werks, Inc. relating to the use or sale of the generic term "hoverboard";

3. That the Court enter judgment declaring that Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation's use of the generic term "hoverboard" constitutes fair use of a generic term;

4. That Defendants Patmont Revocable Trust and Patmont Motor Werks, Inc. be ordered to pay Plaintiffs Equalia, LLC and Hoverboard Technologies Corporation's attorneys' fees, costs, and other expenses incurred as a result of this controversy created by the cease and desist letter; and

/ / /

/ / /

/ / /

/ / /

/ / /

5. That this Court grant such further and other relief as the Court deems just and proper.

Dated: October 7, 2015

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Lael D. Andara*
LAEL D. ANDARA
MARIE E. SOBIESKI
Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD TECHNOLOGIES CORPORATION

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated: October 7, 2015                                    ROPERS, MAJESKI, KOHN & BENTLEY


By: */s/ Lael D. Andara*
LAEL D. ANDARA
MARIE E. SOBIESKI
Attorneys for Plaintiffs
EQUALIA, LLC and HOVERBOARD TECHNOLOGIES CORPORATION

4832-7217-8985.2               - 12 -    COMPLAINT FOR DECLARATORY JUDGMENT
                                         OF NON-INFRINGMENT OF TRADEMARK AND
                                         INVALIDITY OF TRADEMARK